ROBERT BRIAN BLACK            7659
BENJAMIN M. CREPS             9959
DÉVI DIANA STONE CHUNG        12173
Public First Law Center
700 Bishop Street, Suite 1701
Honolulu, Hawai`i  96813
brian@publicfirstlaw.org
ben@publicfirstlaw.org
fellow@publicfirstlaw.org
Telephone:  (808) 531-4000
Facsimile:  (808) 380-3580

Attorneys for Objector Public First Law Center

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| IN RE:  PUBLIC FIRST LAW CENTER,<br><br>        Objector. | MISC. NO. 25-433<br>[CIV. NO. 25-507 JAO-WRP]<br><br>OBJECTION TO MOTION TO PROCEED UNDER A PSEUDONYM [DKT. 2] AND MOTION TO FILE UNDER SEAL [DKT. 3]; and CERTIFICATE OF SERVICE |

**OBJECTION TO MOTION TO PROCEED UNDER A PSEUDONYM [DKT. 2] AND MOTION TO FILE UNDER SEAL [DKT. 3]**

Pursuant to the rights of public access to court records, Public First Law Center (Public First) objects to the proposed sealing of portions of the complaint [Dkt. 1] in *Doe v. U.S. Dep't of Homeland Security*, Civ. No. 25-507 JAO-WRP, through pseudonymous filing.[1]  This is a simple case that questions the adequacy

---

[1] "Dkt." references the corresponding document in the *Doe* matter.

of a search by the U.S. Department of Homeland Security (DHS) for public records pursuant to the Freedom of Information Act (FOIA).  Nothing about the litigation of this FOIA case requires pseudonymous filing.  Plaintiff's gratuitous declaration [Dkt. 2-2] outlines personal information entirely irrelevant to whether DHS conducted a reasonable search for records.  And Plaintiff's "celebrity" status lacks any of the indicia of an objectively reasonable fear of extraordinary retaliation.

Public First respectfully requests that the Court deny the motion to proceed pseudonymously.

"The normal presumption in litigation is that parties must use their real names."  *Doe v. Kamehameha Sch.*, 596 F.3d 1036, 1042 (9th Cir. 2010).  That presumption is rooted, in part, in the public right of access to court proceedings. *Id.*; *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3 1058, 1067 (9th Cir. 2000) ("Plaintiffs' use of fictitious names runs afoul of the public's common law right of access to judicial proceedings."); Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties").  And the Ninth Circuit has clarified further that the public has a qualified constitutional right to complaints filed in civil cases. *Courthouse News Serv. v. Planet*, 947 F.3d 581, 589-94 (9th Cir. 2020).

Pseudonyms have been permitted in three different categories of cases: "(1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary 'to preserve privacy in a matter of sensitive and

highly personal nature'; and (3) when the anonymous party is 'compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution." *Advanced Textile*, 214 F.3d at 1068 (citations omitted). This FOIA case fits none of those categories.

As to the first category, when a litigant claims that "special circumstances" require the court to shield the party from retaliation, the court examines the following: "(1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation." *Id.* The nature of the threatened harm from identification must be "extraordinary." *Id.* at 1071 ("plaintiffs fear extraordinary retaliation, such as deportation, arrest, and imprisonment"). Plaintiff argues that he will be harassed and embarrassed for suing the government. Dkt. 2-1 at PageID.19-21. Unlike the declarations in *Advanced Textile* or the detailed declarations rejected in *Kamehameha Schools*, Plaintiff offers only conclusory claims that disclosing this FOIA matter will affect future employment or require Plaintiff to answer questions. Dkt. 2-2 at PageID.29-30. Such purported harm is not extraordinary or special to Plaintiff as compared to any other litigant in any other case. E.g., Doe v. U.S. Dep't of Homeland Sec., No. 1:22-mc-28, 2022 U.S. Dist. LEXIS 75780 (D.D.C. Mar. 14, 2022) (rejecting pseudonymity for FOIA plaintiff detained by DHS employees at an airport).

Moreover, such a fear is not reasonable. *Kamehameha Sch.*, 596 F.3d at 1044 ("fear of severe harm is irrelevant if the plaintiffs do not *reasonably* fear severe harm."). Plaintiff has not offered any context or evidence to substantiate the objective reasonableness of any fear of retaliation from being identified. Nothing is offered beyond bald speculation.

Lastly, Plaintiff is not from a vulnerable population. Plaintiff is an adult, naturalized U.S. citizen, of some measure of means to hire attorneys in California and Hawai`i. Plaintiff is the opposite of vulnerable. Disclosure will not subject to expose Plaintiff to extraordinary retaliation.

As to the second category, a FOIA dispute over the search for public records is not sensitive and highly personal. Plaintiff merely seeks to manufacture such sensitivity by submitting personal history that has no relevance to the substance of the single claim in the case. Dkt. 2-2 at PageID.25-28. DHS responded to Plaintiff's FOIA request by explaining that "we are unable to locate or identify any responsive records, based upon the information you provided in your request." Dkt. 2-3 at PageID.37. Thus, the issue for this case concerns whether DHS used reasonably appropriate methods to carry out its search, not whether Plaintiff was placed in foster care as a youth or was in Alcoholics Anonymous. *See, e.g.*, *Transgender Law Ctr. v. Immigration & Customs Enf't*, 46 F.4th 771, 779-81 (9th Cir. 2022). Anonymity is not necessary to preserve privacy.

As to the third category, Plaintiff makes no argument—for good reason. Pursuing whether DHS conducted an adequate search of records will not force Plaintiff to self-incriminate.

In the end, Plaintiff's request for anonymity distills to a straightforward plea for special treatment because Plaintiff is a "celebrity". *E.g.*, *Newell v. Newsom*, No. 23-55611, 2025 U.S. App. LEXIS 7384 (9th Cir. Mar. 31, 2025) (mem.) ("Newell failed to demonstrate a threat of harm greater than the typical plaintiff asserting similar claims."). There is no separate system of justice for social elites. All are equal in a court of law. Plaintiff has presented no basis to overcome "the strong general presumption that plaintiffs will conduct litigation under their own names." *Kamehameha Sch.*, 596 F.3d at 1043.

## CONCLUSION

Based on the foregoing, Public First respectfully requests that the Court deny Plaintiffs' motion to proceed pseudonymously.

DATED: Honolulu, Hawai`i, December 2, 2025

/s/ Robert Brian Black
ROBERT BRIAN BLACK
Attorney for Objector Public First Law Center