GOODSILL ANDERSON QUINN & STIFEL
A Limited Liability Law Partnership LLP

JOHNATHAN C. BOLTON            9650-0
999 Bishop Street, Suite 1600
Honolulu, Hawaii 96813
Telephone: 808.547.5854
Facsimile: 808.547.5880
Email: jbolton@goodsill.com

ANDRES ORTIZ LAW

ANDRES ORTIZ        admitted *pro hac vice*
4201 Long Beach Blvd., Ste 326
Long Beach, CA 90807
Phone: 657.243.3768
Email: andres.ortiz@andresortizlaw.com

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF HAWAI'I**

| JOHN DOE,[1] <br><br>         Plaintiff, <br><br> vs. <br><br> UNITED STATES DEPARTMENT OF HOMELAND SECURITY; AND CUSTOMS AND BORDER PROTECTION, <br><br>         Defendants. | Case Nos.: 25-00507 JAO-WRP and MC 25-00433 JAO-WRP <br><br> PLAINTIFF JOHN DOE'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO PROCEED UNDER A PSEUDONYM AND MOTION TO FILE UNDER SEAL; CERTIFICATE OF SERVICE |

**PLAINTIFF JOHN DOE'S REPLY MEMORANDUM
IN SUPPORT OF MOTION TO PROCEED UNDER A PSEUDONYM
AND MOTION TO FILE UNDER SEAL**

## I.   INTRODUCTION

Public First Law Center ("Public First") filed an objection to Plaintiff's Motion to Proceed Under a Pseudonym and Motion to File Under Seal. Public First is not a party to this action, has not sought to intervene, and does not contend that any order of this Court would bind it, restrict its conduct, or deny it access to any judicial record. Instead, Public First urges the Court, as a matter of general policy, to deny Plaintiff's requested relief.

As explained below, Public First's filing is procedurally improper under the Federal Rules of Civil Procedure ("FRCP") and does not require adjudication for the Court to resolve Plaintiff's motions. Even if the Court were to assume that Public First had properly sought intervention, its objection would still fail because it has not established Article III standing. In any event, Plaintiff's request is narrowly tailored, supported by a case-specific showing, and consistent with Ninth Circuit authority and this Court's practice regarding anonymity and sealing.

## II. PUBLIC FIRST'S OBJECTION IS PROCEDURALLY IMPROPER AND DOES NOT REQUIRE ADJUDICATION

### A. Rule 24 Provides the Mechanism for Nonparty Participation

The FRCP provide a mechanism for nonparties who seek to participate in litigation through intervention under Rule 24. Public First has not moved to intervene under Rule 24(a) or Rule 24(b). Instead, Public First filed an objection under a different case. On that basis alone, the Court may resolve Plaintiff's motions without addressing Public First's objection.

Outside of intervention, federal courts permit nonparty participation only in limited circumstances, most commonly where a court order directly affects the nonparty's own legally protected interests, such as access to sealed judicial records. *See United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990). Public First does not identify any such interest here. It does not seek access to a particular document, does not challenge an existing sealing order, and does not claim that any order of this Court would bind or restrain it.

Because Public First has not invoked Rule 24 and does not assert a legally protected interest affected by the Court's ruling, its objection does not require adjudication for the Court to decide Plaintiff's motions.

### B. Even If Intervention Were Assumed, Public First Has Not Established Article III Standing Because It Is Not a Party to the Case

*Assuming arguendo* that Public First could properly be heard notwithstanding its failure to seek intervention under Rule 24, it would still be required to demonstrate Article III standing—that is, a concrete and particularized injury that would be redressed by the relief it seeks.  Courts have held that a nonparty who has not intervened and whose own rights are not directly affected by a court order lacks standing to challenge that order.  *See, e.g.*, *Kimberly Regenesis, LLC v. Lee County*, 64 F.4th 1253, 1260-1264 (11th Cir. 2023) (holding that nonparty lacked standing to challenge district court order where it neither intervened nor showed that the order directly affected its legal rights, and explaining that failure to intervene precluded participation in the litigation).

Public First makes no showing of any legally cognizable interest affected by the Court's resolution of Plaintiff's motions.  It does not contend that any order of this Court would bind it, restrict its conduct, or deny it access to any judicial record—to be sure, the organization had access to the original filing—so it is not precluded from discovering any information that underlay the lawsuit.  *See infra.*  Plaintiff's complaint and motions are publicly available.  Public First instead asserts only a generalized interest in how the Court manages the caption and filings in a case between other parties.  Indeed, Public First expressly acknowledges that

-3-

this matter does not turn on Plaintiff's identity, stating that "the issue for this case concerns whether DHS used reasonably appropriate methods to carry out its search." Obj't at 4.  Where the objector concedes that Plaintiff's identity is irrelevant to the merits of the FOIA dispute, disclosure of that identity cannot serve as the basis for a legally cognizable injury or confer standing to participate.  Because Public First identifies no concrete injury that would be redressed by denial of Plaintiff's motions, it would lack standing even if intervention were assumed.  Accordingly, Public First's objection fails as an alternative procedural matter independent of Rule 24.

### C. Public First Seeks to Influence Case Administration, Not Assert an Access Right

Public First's objection does not request access to judicial records.  Instead, it seeks to influence how the Court captions the case and manages filings between the parties.  Plaintiff's identity has no bearing on the merits of this FOIA action, which concerns whether DHS conducted an adequate search for records.  The public can fully evaluate the government's conduct, the parties' arguments, and the Court's reasoning without knowing Plaintiff's name.  Public First's objection therefore reflects a generalized preference against pseudonymity rather than the protection of any legally cognizable interest affected by the Court's ruling.

## III. PLAINTIFF'S REQUEST IS CONSISTENT WITH GOVERNING LAW AND THIS COURT'S PRACTICE

### A. The Applicable Standard Is a Context-Specific Balancing Inquiry

FRCP Rule 10(a) embodies a presumption of openness, but that presumption "yields in unusual cases." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). Courts must engage in a fact-specific balancing inquiry that considers the nature of the information at issue, the risk of harm from disclosure, prejudice to the opposing party, and the public interest.

That inquiry does not impose a categorical rule against pseudonymity.

### B. Plaintiff's Showing Is Narrow and Case-Specific

This FOIA action arises from confidential immigration adjudications and post-naturalization encounters with border authorities. The inquiry necessarily implicates sensitive personal history disclosed during immigration proceedings—matters that are not public by design. Plaintiff does not seek to seal the case wholesale or to restrict public access to the legal issues presented. The requested relief is limited to Plaintiff's name and narrowly-tailored information, leaving the pleadings, arguments, and the Court's rulings available for public review.

### C. Plaintiff Is Not Required to Forfeit Immigration Confidentiality to Invoke FOIA

FOIA is the statutory mechanism Congress provided to allow individuals to assess whether agencies are acting lawfully. Plaintiff's invocation of FOIA to seek

-5-

records relating to his own immigration history does not convert otherwise confidential immigration matters into subjects for public disclosure.  Had Customs and Border Protection conducted a thorough search, this lawsuit would be unnecessary.  Allowing Plaintiff to proceed under a pseudonym avoids placing him in the position of having to choose between invoking a statutory right and exposing sensitive personal information that immigration law otherwise treats as confidential.  This approach appropriately balances openness with fairness and proportionality.

### D. Defendants Are Not Prejudiced, and the Public Interest Is Preserved

Defendants know Plaintiff's identity, and their ability to litigate this case is unaffected.  The public will have access to the substance of the dispute, the government's explanations, and the Court's reasoning.  Disclosure of Plaintiff's name is not necessary for meaningful public oversight of the issues presented.

## IV. CONCLUSION

Public First Law Center has not sought intervention under Rule 24 and does not identify any legally protected interest affected by Plaintiff's motions.  Even if intervention were assumed, Public First has not established Article III standing.  In any event, Plaintiff has made a sufficient, narrowly tailored showing under

controlling law.  Plaintiff respectfully requests that the Court grant the Motion to Proceed Under a Pseudonym and the Motion to File Under Seal.

DATED:  Honolulu, Hawaii, December 22, 2025.

                                               */s/ Johnathan C. Bolton*
                                               JOHNATHAN C. BOLTON
                                               ANDRES ORTIZ

                                               Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| JOHN DOE,[1]<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY; AND CUSTOMS AND BORDER PROTECTION,<br><br>Defendants. | Case Nos.: 25-00507 JAO-WRP & MC 25-00433 JAO-WRP<br><br>CERTIFICATE OF SERVICE |

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2025, I electronically filed the foregoing document using the Court CM/ECF system. Participants in the above-referenced cases who are registered CM/ECF users will be served by the Court CM/ECF system:

>    ROBERT BRIAN BLACK
>    BENJAMIN M. CREPS
>    DÉVI DIANA STONE CHUNG
>
>    Attorneys for Objector
>    Public First Law Center

DATED: Honolulu, Hawaiʻi, December 22, 2025.

*/s/ Johnathan C. Bolton*
JOHNATHAN C. BOLTON
ANDRES ORTIZ

Attorneys for Plaintiff